**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02691-NYW

NANCY JENKINS,
TERRY KIRKHAM,
DAVID LING,
RICHARD LING,
PETER LING, and
SEYLER RANCH, LLC,

    Plaintiffs,

v.

STATE FARM FIRE & CASUALTY COMPANY,

    Defendant.

---

**ORDER DISCHARGING ORDER TO SHOW CAUSE**

---

Magistrate Judge Nina Y. Wang

    This case has been directly assigned to the undersigned Magistrate Judge pursuant to D.C.COLO.LCivR 40.1(c). On December 15, 2015, this court issued an Order to Show Cause on or before January 11, 2016 why this case should not be dismissed for failure to adequately set forth evidence establishing the amount in controversy and diversity of citizenship required to invoke diversity jurisdiction under 28 U.S.C. § 1332(a). [#10]. For the reasons stated below, the Order to Show Cause is **DISCHARGED**.

    *Amount in Controversy.* Plaintiffs commenced this action in the Boulder County District Court. At the time the case was commenced, Plaintiffs filed a Civil Cover Sheet representing that the action was "not governed by C.R.C.P. 16.1" because Plaintiffs sought "a monetary

judgment over $100,000." [#1-6 at 2]. Defendants removed the action to the United States District Court for the District of Colorado, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). [#1]. Defendants' Notice of Removal relies on the representation made by the Plaintiffs on the Civil Cover Sheet to establish that diversity jurisdiction is proper because the amount in controversy is purportedly over $75,000. [*See id.* at 3]. While different conclusions exist within this District as to whether the representations by a plaintiff on a Civil Cover Sheet are sufficient evidence of the amount in controversy to permit removal of the action under 28 U.S.C. § 1332, this court follows the weight of authority that concludes that a Civil Cover Sheet alone cannot establish the requisite jurisdictional amount. *See, e.g.*, *Holladay v. Kone, Inc.*, 606 F. Supp. 2d 1296 (D. Colo. 2009); *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007). Accordingly, the court ordered Defendant to show cause why the case should not be remanded for failure to establish that the amount in controversy requirement is satisfied in this case.

Defendant responded to the Order to Show Cause by stating that the Complaint alleges that Plaintiffs set a Proof of Loss to State Farm in the amount of $243,358.50, which is the amount of the alleged covered benefit. [#12 at ¶ 5 (citing Complaint, #12-1 at ¶ 51)]. The Complaint states that Plaintiffs are seeking "attorney's fees and two times the covered benefit. [Complaint, #12-1 at ¶ 81]. Accordingly, the court is satisfied that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).

***Diversity of Citizenship.*** The court was also not satisfied that Defendant has established diversity of citizenship of the parties in this case. The consensus in this District and throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states

of which its members are citizens. *Gabler v. HA Hous., LP*, No. 12-CV-02671-PAB-KMT, 2012 WL 4856734, at *2 (D. Colo. Oct. 12, 2012) (citations omitted). The Notice of Removal states that "Seyler Ranch, LLC is a Colorado Limited Liability Company" and "[t]he remainder of the Plaintiffs are members of Seyler Ranch, LLC." [#1 at 2]. In addition to Seyler Ranch, LLC, there are five individually named Plaintiffs: Nancy Jenkins, Terry Kirkham, David Ling, Richard Ling, and Peter Ling. Neither the Complaint nor the Notice of Removal states the citizenship of each of these individuals. Accordingly, the court ordered Defendant to show cause why the case should not be remanded for failure to establish diversity of citizenship between the parties.

Defendant responded to the Order to Show Cause by stating that counsel for the parties had conferred and agreed removal from state court was appropriate because there was diversity of citizenship between the parties. [#12 at ¶ 2]. Defendant is a citizen of Illinois and presents the following addresses for each of the Plaintiffs:

Plaintiff Nancy Jenkins resides at 8061 Lake Place, Carmel, CA 93923.

Plaintiff Terry Kirkham resides at 12460 James St., Broomfield, CO 80020.

Plaintiff David Ling resides at 1526 E. 12th St., Rifle, CO 81650.

Plaintiff Richard Ling resides at Havnabakken 10B, 0874, Olso, Norway.

Plaintiff Peter Ling resides at 3060 E. Bridge St., Brighton, CO 80601.

Plaintiff Seyler Ranch, LLC is a Colorado Limited Liability Company.

[*Id.*]. The court is satisfied based on Defendant's representation that there is diversity of citizenship between the parties because no Plaintiff resides in the same state as the Defendant.

Accordingly, **IT IS ORDERED**:

1. The Order to Show Cause dated December 15, 2015 is **DISCHARGED**;

2. A Scheduling Conference is set for **February 3, 2016 at 9:30 a.m.** in Courtroom C-204, 2d Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado;

3. The parties or their counsel shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.6.0, including a copy of the proposed scheduling order in a Word format sent via email to Wang_Chambers@cod.uscourts.gov, on or before seven days prior to the Scheduling Conference: **January 27, 2016**; and

4. The parties shall complete and file the Consent/Nonconsent Form indicating either unanimous consent of the parties or that consent has been declined, on or before **January 20, 2016**.

DATED: January 12, 2016                    BY THE COURT:

                                           s/Nina Y. Wang_____
                                           United States Magistrate Judge