IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-02691-CMA-NYW

NANCY JENKINS, TERRY KIRKHAM, DAVID LING, RICHARD LING, PETER LING, & SEYLER RANCH, LLC,

    Plaintiffs,
v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois company,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES AND ACTUAL REASONABLY INCURRED COSTS**

---

This matter is before the Court on Defendant State Farm's Motion for Costs and Attorney Fees. (Doc. # 86.) Because the Court finds that Plaintiffs' claims were not frivolous, the Defendant is not entitled to attorney fees under Colo. Rev. Stat. § 10-3-1116 and the Court DENIES Defendant's motion.

## I.   BACKGROUND

Plaintiffs initiated this suit in October 2015, alleging that Defendant improperly denied them insurance coverage for losses Plaintiffs sustained due to water damage in their vacation cabin in Ward, Colorado. (Doc. # 1, 4.) Plaintiffs brought claims for (1) breach of contract, (2) unreasonable denial pursuant to §§ 10-3-1115 and 1116, and (3)

1

bad faith breach of insurance contract. (Doc. # 4.)[1] This case was tried to a jury over the course of six days in July 2017. (Doc. ## 74, 75, 76, 77, 79, 80.)

On July 28, 2017, as relevant here, the Court granted in part Defendant's Oral Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(a) on Plaintiffs' statutory claim of unreasonable denial of benefits, concluding that no reasonable juror could find in Plaintiffs' favor on that claim. (Doc. # 79.) The jury then reached a defense verdict on the remaining breach of contract claim. (Doc. # 85.)

Pursuant to § 10-3-1116, Defendant now requests attorney fees and costs stemming from its success on Plaintiffs' unreasonable denial claim. (Doc. # 86.) Defendant specifically argues that it is entitled to attorney fees because Plaintiffs' claim that Defendant unreasonably denied payment of benefits was frivolous. In response, Plaintiffs contend that their unreasonable denial arguments were based upon reason and not entirely without merit and were not, therefore, frivolous. Having thoroughly considered the parties' arguments and applicable law, the Court agrees with Plaintiffs that attorney fees are not warranted in this case.

## II.　LAW

A determination of whether to award attorney fees necessarily begins with the American Rule, which precludes an award of attorney fees absent a specific contractual, statutory, or procedural rule providing otherwise. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *Buder v. Sartore*, 774 P.2d 1383, 1390

---

[1] Plaintiffs' complaint also included a fourth claim for breach of the covenant of good faith and fair dealing (Doc. # 1-1 at 2), but Plaintiffs dropped this claim before trial and it is not relevant to the instant motion.

2

(Colo. 1989). Colorado law authorizes the recovery of attorney fees where a party or its attorney brings or defends an action that is "frivolous." Colo. Rev. Stat. § 10-3-1116 (5). In determining whether a suit was frivolous, the district court must review the entire course of litigation. *U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1059 (10th Cir. 2004) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978)).

A frivolous suit is one "based on indisputably meritless legal theory, or whose factual contentions are clearly baseless." *Thorpe v. Ancell*, 367 F. App'x 914, 919 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A claim is frivolous if its proponent can offer "no rational argument based on the evidence or law in support of that claim or defense." *W. United Realty Inc.*, 679 P.2d 1063, 1069 (Colo. 1984). Even if the proponent is ultimately unsuccessful in their argument, this does not render their claim frivolous where they put forth a "good faith presentation of a legal theory which [i]s arguably meritorious." *SaBell's, Inc. v. City of Golden*, 832 P.2d 974, 978 (Colo. App. 1991).

### III. ANALYSIS

Plaintiffs' statutory claim for unreasonable denial of benefits was not frivolous. For the Plaintiffs to prevail on that claim, they had to prove, by a preponderance of the evidence: (1) Defendant denied payment of the benefits to the Plaintiffs, and (2) Defendant's denial of payment was without a reasonable basis. Only the second element was disputed in this case.

"The reasonableness of an insurer's conduct is determined objectively, based on proof of industry standards." *Fisher v. State Farm Mutual Auto. Ins. Co.*, --- P.3d at ---,

3

2015 WL 2198515, at *9. Proving the scope of industry standards typically requires "[t]he aid of expert witnesses." *Williams v. Auto-Owners Ins. Co.*, No. 12-CV-00999-MSK-CBS, 2014 WL 12537030, at *5 (D. Colo. Mar. 25, 2014).

Plaintiffs offered the following arguments to support its claim that Defendant's denial lacked a reasonable basis: (1) Defendant hired an outcome-oriented, and therefore biased, engineer to complete the investigation into Plaintiffs' loss, (2) Defendant informed the engineer of the date of the policy inception prior to the engineer's inspection—a date that was critical to the dispute in this case, and (3) it was unreasonable for Defendant to rely upon an outcome-oriented engineer's report when deciding to deny insurance benefits. (Doc. # 88 at 3.) Plaintiff also argued that the investigation into the claim took an unreasonably long time.

At trial, Plaintiffs attempted to present some evidence to support these arguments. For example, they probed at Defendant's engineer's investigation and challenged the reasonableness of Defendant's decision to provide him policy information before he conducted that investigation, attempting to place doubt on the engineer's credibility and impartiality. (Doc. # 91-1 at 9; Doc. # 88.) Likewise, Plaintiffs' witness, Mr. Scott deLuise, a public adjuster, testified (1) regarding the reasonableness of Defendant's handling of Plaintiffs' claim and (2) that he reached a conclusion contrary to that of Defendant's engineer.

Ultimately, the Court disagreed with Plaintiffs' arguments and found that no reasonable juror could find in their favor. This conclusion was based primarily upon Plaintiffs' lack of evidence of the industry standards governing Defendant's conduct as

well as Plaintiffs' failure to debunk or contradict Defendant's engineer's report and, likewise, Defendant's reliance on it. (Doc. # 79.) The Court concluded that Plaintiffs' failure to provide evidence as to standards in the industry precluded the jury from being able to compare Defendant's actions to the appropriate industry standards to determine whether those actions were, indeed, reasonable. Further, Plaintiffs' inability to undermine the Defendant's engineer's report was fatal to the success of their claim.

However, an ultimate loss at trial does not render a claim frivolous as a matter of law. Indeed, although unsuccessful based primarily on a lack of evidence, the Court, considering the entire course of litigation, including the parties' arguments at the summary judgment stage, cannot conclude that Plaintiffs' legal theories were not "arguably meritorious" or presented in "good faith." *See SaBell's*, 832 P.2d at 978. An award of attorney fees and costs in Defendant's favor, therefore, is unwarranted.

## IV. <u>CONCLUSION</u>

In accordance with the foregoing analysis, the Court DENIES Defendant's Motion for Costs and Attorney Fees (Doc. # 86).

DATED: February 6, 2018            BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge